## STATE *vs.* JOHN ENTWISTLE.

### JANUARY 19, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Jurors. Excuse for Cause.*

The matter of excusing jurors for cause is largely if not wholly in the discretion of the trial court and the exercise of such discretion will not be reviewed unless some abuse thereof clearly appears warranting the interference of the appellate court.

(2) *Criminal Complaint. Milk Laws. Charge of Court.*

In a criminal complaint for having adulterated milk in his possession, with intent to sell, a charge of the court even accepting the interpretation placed upon it by defendant, does not amount to prejudicial error, in view of undisputed testimony showing that the milk was adulterated.

(3) *Criminal Complaint. Milk Laws. Complaints.*

Under Chapter 173 of the Gen. Laws of 1909, it is not necessary that all complaints must be instituted by the inspector of milk, based upon an analysis of a chemist of samples taken by collectors, all of whom should be officers appointed and sworn under the act, but an individual may submit milk for examination and request a chief of police to make complaint and under Section 23 it is specifically provided that any chiefs of police may make complaint and prosecute for all violations of the chapter.

CRIMINAL COMPLAINT. Heard on exceptions of defendant and overruled.

VINCENT, J. This is a criminal complaint, brought under Chapter 173 of the General Laws of 1909, charging that the defendant had in his possession with intent to sell and exchange adulterated milk, to wit, milk which contained less than twelve per centum, by weight, of milk solids, as shown by analysis.

The complaint was brought in the district court of the sixth judicial district where the defendant admitted sufficient evidence to convict and took an appeal to the Superior

Court. At the trial of the case in the Superior Court a verdict was rendered finding the defendant guilty. Subsequently a motion of the defendant for a new trial was denied. The case is now before us on the defendant's bill of exceptions which sets forth fourteen alleged errors on the part of the trial court. The exceptions numbered 2, 4, 5, 9 and 10, as we are advised by the defendant's brief, are abandoned.

The first exception alleges that the court erred in excusing, for cause, certain jurors who had previously served in the trial of another criminal complaint against the same defendant for a similar offence.

The record shows that upon the suggestion of counsel for the state certain jurors who had participated in the previous trial were excused; that they were excused on account of their connection with such former trial; and that the defendant took an exception to the action of the trial judge in that regard. From these facts the defendant argues that he was prejudiced in the minds of the jurors to whom the consideration of his case was later submitted because they might have interpreted the action of the court as being in the nature of a reprimand or punishment for acquitting the defendant in the former case.

The result of the former trial of the defendant does not appear in the record before us, nor does it appear that the trial judge manifested his displeasure upon receiving the verdict of the jury in the former case as the defendant now claims in his brief. It is easily conceivable that it might appear to the trial judge, who had full knowledge of all the circumstances surrounding these matters, that the elimination of the jurors who had taken part in the prior case was necessary in order to secure a full, fair and impartial trial. A matter of this kind is largely, if not wholly, in the discretion of the trial court and the exercise of such a discretion will not be reviewed here unless some abuse thereof clearly appears which would warrant our interference. We do not find anything in the record sufficient to justify us in sustaining this exception nor anything showing any abuse of discretion on the part of the trial court.

The exceptions numbered 3, 6, 7, 12 and 13 do not seem to us to be of sufficient merit to demand discussion.

The exception numbered 11 is to a portion of the charge of the trial judge, which is as follows:   "Evidence has been introduced in behalf of the State tending to show that at the time these samples were taken a small portion of the sample was given to the driver of the team, and the theory upon which that was done was in order that the driver of the team or the owner of the milk could have that sample analyzed and then if he should be prosecuted, he could have a part of the same sample of milk originally taken from his cans analyzed so that he could introduce testimony to show it contained more or less of milk solids than the testimony introduced in behalf of the State would tend to show.    That is a circumstance for you to consider."

The defendant claims that from this language the jury would naturally get the impression that in the mind of the court the defendant had had his sample analyzed; that it had proved below standard; and therefore he had refrained from introducing any evidence regarding it.

(2)   We do not think that the language used is necessarily limited to the construction placed upon it by the defendant. Whatever may be the view taken of it we do not think it amounted to error prejudicial to the defendant in view of the undisputed testimony that the milk sold by him was adulterated within the purview of the statute.    As the case stood upon its submission to the jury they could not, if they believed the testimony of the chemist, and we see no reason for disbelieving it, have done otherwise than find the defendant guilty.

The exception numbered 8 is to the refusal of the trial judge to direct the jury to return a verdict of "not guilty."

In support of this exception the defendant contends that under the statute, Chapter 173 of the General Laws of 1909, (3)   the inspector of milk is the only person authorized to bring complaints thereunder within the City of Providence, and that the collectors of samples, and the chemist analyzing the same, must be qualified voters in said city and must take

upon themselves an oath to properly discharge the duties of their respective offices before the city clerk.

The defendant further claims that at the time of the bringing of this complaint both the inspector of milk and the collector of samples in the City of Providence were under suspension and without authority to act; that the samples from the defendant's wagon were collected by collectors and turned over to a chemist for analysis, none of whom were voters in the City of Providence and none of whom had been sworn before the city clerk as required by law; and that the complaint in this case having been brought in the name of the deputy chief of police it was wholly unauthorized and unwarranted by the statute. We cannot accept these views of the defendant. Chapter 173 of the General Laws of 1909 was evidently designed to establish a systematic and effective method which would insure to the various communities of the State a supply of pure, unadulterated milk and to provide such facilities for collecting and analyzing samples as would expedite the apprehension and conviction of those who might be guilty of vending milk below a certain fixed standard of quality. With this in view, collectors were empowered to demand from milk dealers samples of their milk for the purpose of analysis and the inspector of milk was authorized to make complaints without furnishing surety for costs.

Under these provisions samples of milk could readily be obtained, their character officially determined, and the evidence of adulteration made forcible and conclusive whenever such evidence might be needed in support of a complaint. It does not follow, however, that all complaints under this chapter must be instituted by the inspector of milk, based upon an analysis of a chemist of samples taken by collectors, all of whom shall be officers appointed and sworn under the provisions of this act. While the power and authority to demand and receive samples of milk from dealers is conferred by the act only upon the official collectors of samples we see no reason why any individual should not, if he sees fit, submit any milk which he may purchase from

a dealer to examination by a chemist, and if found below the required standard, request the chief of police to make a complaint. In fact it is specifically provided by Section 23 of said Chapter 173 that any chiefs of police may make complaint and prosecute for all violations of that chapter within any city or town wherein they are appointed or elected.

The defendant's exceptions numbered 8 and 14, the one to the refusal of the trial judge to direct a verdict for the defendant and the other to the denial of the defendant's motion for a new trial have already been incidentally and sufficiently discussed in the consideration of other exceptions.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court for sentence.

*Antonio A. Capotosto, 2nd Assistant Attorney General,* for State.

*Charles A. Walsh,* for defendant.